UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBBIE BRASSEUR,

       Plaintiff,                    CIVIL ACTION NO. 08-12487

v.                                DISTRICT JUDGE DAVID M. LAWSON
                                       MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION:  Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as substantial evidence exists on the record that claimant remains capable of performing a restricted range of light work activity.

\* \* \*

Plaintiff filed an application for Supplemental Security Income (SSI) benefits on September 30, 2004, alleging that she had become disabled and unable to work on January 1, 2003, at age 43, due to attention span deficits, poor concentration, panic attacks and severe back pain. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on August 8, 2007, before Administrative Law Judge (ALJ) Janice Bruning. The ALJ found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work activity.  The ALJ determined that the claimant required a sit-stand option, and that she should not climb ladders, ropes or scaffolding. Given her mental difficulties, the ALJ further limited claimant to unskilled work.  The Appeals Council declined to review that decision and Plaintiff

commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 47 years old at the time of the administrative hearing (TR 82). She had a ninth grade education, and had not performed substantial gainful activity during the relevant past (TR 436, 440). Claimant testified that she was unable to work due back pain radiating into her neck, leg and feet (TR 440). She added that she experienced difficulty thinking, concentrating and focusing on tasks. Plaintiff also experienced memory loss, frequent crying spells and weekly panic attacks (TR 443-444). Claimant stated that she needed to take frequent naps throughout the day (TR 452). Chronic fatigue made driving difficult, as she was afraid of falling asleep (TR 450, 454). Plaintiff spent her days at home watching television and doing crossword puzzles. She claimed she rarely socialized with friends, could no longer crochet, and did not use a computer (TR 450-452).

A Vocational Expert, Dr. Paul Delmar, stated that Plaintiff had not performed substantial gainful activity during the relevant past (TR 440). The witness testified that, if the claimant was physically capable of light work activity, there were numerous unskilled manufacturing and clerical jobs that she could perform (TR 457). Those jobs provided a sit-stand option, did not require any climbing, and did not expose workers to lung irritants (TR 457). Since the jobs were considered to be unskilled, they required just one or two steps to accomplish (TR 458).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of degenerative disc disease of the lumbosacral spine, heel spur syndrome, bronchitis,

dysthymic problems and attention deficit disorder (ADD), but that her impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's mental impairments precluded her from performing complex tasks. She was also restricted from jobs that did not allow a sit-stand option, exposed her to lung irritants, or required the climbing of ladders/ropes/scaffolding. Nonetheless, the ALJ found that Plaintiff retained the residual functional capacity to perform a reduced range of light unskilled work, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court

**3**

would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains that her mental difficulties have prevented her from returning to work. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2008).

## DISCUSSION AND ANALYSIS

The claimant does not challenge the ALJ's determination that she retained the physical capacity for light work. Her sole contention is that the ALJ's hypothetical questions to the vocational expert failed to incorporate all of her mental limitations, particularly her problems with concentration, attention and anxiety (See pp. 4-6 of Plaintiff's memorandum in support of Summary Judgment).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, unskilled, light work on a sustained basis. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from her mental difficulties.

The ALJ fully explained her evaluation of claimant's mental impairments and abilities. She found that Plaintiff was "mentally limited to unskilled work due to her mental impairments." (TR 21). The ALJ based her mental residual functional capacity evaluation on the fact that the claimant could take care of her personal hygiene, prepare meals, go

shopping, drive an automobile, handle finances, take care of her ailing parents, do crossword puzzles, socialize with friends and surf the internet (TR 21, referring to 96-98, 105-107, 158-159, 194). The ALJ also noted that claimant's treating doctors reported that she was not mentally deficient (TR 160) and enjoyed average intellectual functioning (TR 153).

Contrary to Plaintiff's assertion, Dr. Edward Tava, a treating psychologist, never expressed an opinion as to her ability to work. Significantly, Dr. Tava determined that the claimant had a Global Assessment Function (GAF) score of 51, indicating moderate, not severe, symptoms and difficulties in social, occupational and school functioning (TR 161). Dr. Arthur Dundon, a non-examining state agency psychiatrist, reviewed the mental status evaluation from Dr. Tava before concluding that Plaintiff retained the ability to perform simple tasks on a sustained basis (TR 164).

Dr. Loretta Leja, another treating doctor, prescribed the drug Ritalin after diagnosing ADD in September 2006 (TR 321). Plaintiff acknowledged, at the time of the administrative hearing in August 2007, that she wished that the drug had been prescribed earlier, given how much it had helped her (TR 444). The claimant told the Law Judge that ADD did not prevent her from handling household finances, caring for her parents, preparing meals, going grocery shopping and performing household chores (TR 448-449). She added that recurring panic attacks did not last very long because she was able to concentrate on something else (TR 444). Substantial evidence supported that ALJ's finding that, even with moderate difficulties in maintaining concentration, persistence and pace, Plaintiff could perform unskilled work on a sustained basis.

The Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by her dysthymic difficulties and ADD. There is no merit to Plaintiff's argument that the ALJ should have included a limitation that she had marked limitations in carrying out complex instructions and making judgments on complex work-related decisions. Unskilled work, by definition, is limited to understanding, remembering and carrying out only simple instructions and requiring little, if any, judgment. 20 C.F.R. 404.1568(a) (2008). Under these circumstances, the ALJ's hypothetical questions accurately portrayed Plaintiff's impairment. The Vocational Expert was aware of claimant's mental limitations before she identified the types of jobs that the Plaintiff could still perform[1] (TR 457-458).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings

---

[1] Moreover, any interpretation that would require vocational experts to evaluate the effect of medical conditions would be inconsistent with the purpose that vocational experts serve under social security regulations. Under those regulations, the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an "assessment of [his] residual functional capacity." 20 C.F.R. § 416.920(a)(4)(iv) (2008), The vocational expert testifies on the basis of a claimant's "residual functional capacity and ... age, education, and work experience" and assesses whether the claimant "can make an adjustment to other work." 20 C.F.R. § 416.920(a)(4)(v) (2008). The vocational expert's testimony is directed solely to whether, given a claimant's age, experience, and education, along with the ALJ's assessment of what he "can and cannot do," there exist a significant number of employment opportunities for him in the regional and national economies. The vocational expert is not expected to evaluate the claimant's medical conditions in making this determination. Indeed, vocational experts are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise.

of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

|  |  |
|---|---|
|  | s/Donald A. Scheer |
|  | DONALD A. SCHEER |
|  | UNITED STATES MAGISTRATE JUDGE |
| DATED: March 19, 2009 |  |

_____

### CERTIFICATE OF SERVICE

I hereby certify on March 19, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 19, 2009: **None.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217