UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBBIE BRASSEUR,

        Plaintiff,                           Case Number 08-12487
                                                   Honorable David M. Lawson
v.                                                      Magistrate Judge Donald A. Scheer

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR
REMAND, GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND AFFIRMING THE COMMISSIONER**

      The plaintiff filed the present action on June 11, 2008 seeking review of the Commissioner's decision denying the plaintiff's claim for supplemental security income (SSI) benefits under XVI of the Social Security Act. The case was referred to United States Magistrate Judge Donald A. Scheer pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion to remand under sentence four of 42 U.S.C. § 405(g) and the defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Scheer filed a report on March 19, 2009 recommending that the plaintiff's motion for remand be denied, the defendant's motion for summary judgment be granted, and the decision of the Commissioner affirmed. The plaintiff filed timely objections to the recommendation, to which the defendant responded. This matter is now before the Court.

      The Court has reviewed the file, the report and recommendation and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions. In her objections, the plaintiff sets forth the same conceptual argument presented in her motion before

the magistrate judge. She argues that substantial evidence does not support the decision of the Commissioner because the hypothetical question posed to the vocational expert by the administrative law judge (ALJ) failed to account for the plaintiff's mental limitations, and therefore the evidence of available jobs was substantially overstated. She posits that the ALJ's determination that she suffers from mental impairments that were found to be "severe" must be captured by a residual functional capacity (RFC) that includes restrictions beyond mere unskilled work.

The plaintiff, who is currently forty-eight years old, applied for SSI on September 30, 2004. She has a ninth grade education and has not engaged in substantial gainful activity during the past fifteen years. The plaintiff alleges that she became disabled on January 1, 2003 as the result of degenerative disc disease in the lumbosacral spine, heel spur syndrome, bronchitis, dysthymic disorder, and attention deficit disorder.

The plaintiff first applied for benefits on August 19, 1996, which application was denied. She reapplied on September 30, 2004, and this application was denied initially. The plaintiff made a timely request for an administrative hearing. On August 8, 2007, she appeared before ALJ Janice M. Bruning. ALJ Bruning filed a decision on September 27, 2007, in which she found the plaintiff was not disabled. The ALJ reached that conclusion by applying the necessary portions of the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since January 1, 2003, the alleged onset date (step one); the plaintiff has several impairments which are "severe" within the meaning of the Social Security Act: degenerative disc disease in the lumbosacral spine, heel spur syndrome, bronchitis, dysthymic disorder, and attention deficit disorder, as well as non-severe conditions of hypertension, sleep apnea, mild ileus, restless legs, hematuria, and fibromyalgia (step two); these

impairments do not meet or equal a listing in the regulations (step three); and there was no relevant past work (step four).  Applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a limited range of light work activities with the following restrictions: stand or sit option at will; never climb ladders, rope or scaffoldings; occasional climbing of ramp/stairs, stooping, kneeling, crouching, balancing, or crawling; avoid concentrated exposure to lung irritants; and the work must be unskilled.  A vocational expert testified that several jobs fit within these limitations, including grader, fabricator, machine tender, assembler, packager, checker, sorter, general office clerk, file clerk, and photocopy attendant.  Based on that finding and using Medical Vocational Rule 202.17 as a framework, the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act.  Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on May 16, 2008.

      The plaintiff does not contest the ALJ's findings with respect to her exertional limitations and abilities, that is, that she is able to perform at least some range of light work.  However, she observes – correctly – that the Step-Five burden is not hers to meet.  If the plaintiff has satisfied her burden through the first four steps in the analytical process, which the ALJ found in this case, the burden shifts to the Commissioner to establish that the plaintiff possesses the residual functional capacity to perform other substantial gainful activity.  *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987); *see also Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980). "To meet this burden, there must be a finding supported by substantial evidence that plaintiff has the vocational qualifications to perform specific jobs." *Varley,* 820 F.2d at 779 (internal quotes and citations omitted).

The plaintiff's argument in favor of remanding has a superficial logical appeal. She states that the ALJ found her depression and attention deficit disorder to be severe; a "severe" impairment is defined by the regulations as "significantly limit[ing] [a claimant's] physical or mental ability to do basic work activities, [such as] . . . [u]nderstanding, carrying out, and remembering simple instructions, [and] [u]se of judgment," 20 C.F.R. § 416.921; the RFC found by the ALJ fails to address her severe mental limitations; and therefore the vocational expert's opinion about available jobs cannot apply to the plaintiff individually. If the vocational expert's opinion is invalid, the plaintiff reasons, substantial evidence cannot support the ALJ's step-five determination as a matter of law.

The plaintiff's criticism of the RFC is that the restriction described as "unskilled work" does not account adequately for the plaintiff's diagnoses of severe depression and attention deficit disorder, because "[r]estricting Ms. Brasseur to merely 'simple, routine work' confuses work skills with mental *abilities*." Pl.'s Br. in Supp. or Mot. to Remand at 3. The plaintiff suggests that the ALJ should have fashioned additional limitations to address the deficit in these "mental abilities," although she does not herself offer any additional limitations of the range of light work.

The Court has difficulty accepting the underlying premise of the plaintiff's argument – that a restriction to unskilled work confounds work skills and mental abilities. This poses a distinction that offers little practical benefit, since the hallmark of an RFC determination is its focus on function. The plaintiff's argument would transform that determination into a categorical classification that diminishes the functional emphasis. A claimant suffers from a disability "only if [her] physical or mental . . . impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 1382c(a)(3)(B).  The concept of disability, then, relates to functional limitations.  Although these functional limitations must, of course, be caused by a physical or mental impairment, in the end, "[i]t is an assessment of what [the claimant] can and cannot do, not what she does and does not suffer from."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002) (referring to assessment of residual functional capacity).

A limitation to "unskilled work" is not a restriction that addresses exertional limitations.  Rather, it addresses other limitations that may find their source in lack of education, experience, *or* mental capacity.  That is why the regulations define unskilled work in terms of the worker's ability, as follows:

> Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.  The job may or may not require considerable strength.  For example, we consider jobs unskilled if the primary work duties are handling, feeding and offbearing (that is, placing or removing materials from machines which are automatic or operated by others), or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed.

20 C.F.R. § 404.1568(a).

The ALJ made a determination that the plaintiff could perform certain personal, household, and family functions.  Certainly she has limitations, but the ALJ found that what she *can* do is consistent with performing unskilled work.  The plaintiff argues that by using that terminology, the plaintiff's true limitations are lost in the translations, but the Court does not agree.  Considering the term as the regulations defines it, the limitation as stated in the hypothetical question to the vocational expert was sufficiently descriptive.

Moreover, the rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of her obligation to assess credibility and determine the facts. In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

The plaintiff nonetheless seeks a remand under sentence four of section 405(g). Sentence four of 42 U.S.C. § 405(g) states:

> The Court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

The authority conferred upon the Court by this sentence, however, is subject to the substantial evidence rule noted above. Sentence five of Section 405(g) states: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." The magistrate judge suggested that substantial evidence exists in this record to support the ALJ's determination that the plaintiff was not disabled. The Court agrees.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 13] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for remand [dkt. #6] is **DENIED** and the defendant's motion for summary judgment [dkt. #11] is **GRANTED**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 23, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 23, 2009.

s/Lisa M. Ware
LISA M. WARE